## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

WILLIE JAMES BUSH, JR.,
    Plaintiff,

Case No. 1:13-cv-587

Beckwith, J.

vs

Bowman, M.J.

UNITED STATES OF AMERICA, et al.,
    Defendants.

**REPORT AND
RECOMMENDATION**

Plaintiff, who resides in Cincinnati, Ohio, has filed a *pro se* civil complaint. (*See* Doc. 1, Complaint). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490

U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a

2

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

enhancement." *Id.* at 557.

Plaintiff brings this action for damages against the United States of America; the Director

of the Cleveland, Ohio, Regional Office of the Department of Veterans Affairs (VA); the Office

of the General Counsel in Washington, D.C.; the Director of the Board of Veterans in

Washington, D.C.; the United States Attorney General-U.S. Department of Justice; the United

States Attorney for the Southern District of Ohio; and the United States District Court for the

Southern District of Ohio in Cincinnati, Ohio. (*See* Doc. 1, Complaint, p. 3). Plaintiff asserts

that this Court has subject matter jurisdiction to entertain the cause of action under 28 U.S.C. §

1332(a)(1) and 28 U.S.C. § 2674, a statutory provision that pertains to the procedural

requirements for bringing tort claims against the United States. (*See id.*). The complaint

contains the following factual allegations:

> My claim began back in 2012, on May 10, 2012, that's when I got a
> "DOUBLE WHAMMY", THE FIRST ONE WAS THE DECISION OF
> JUDGE KALPANA M. PARAKKAL OF THE UNITED STATES! SHE
> DENIED MY CLAIM ON A "QUACK DOCTOR INVALID MEDICAL
> EXAMINATION ON ME!" THE SECOND ONE WAS CLAIM
> EXAMINER MARY SZYMCZYK OF UNITED STATES IN
> CLEVELAND, OHIO, BETWEEN MAY 01, 2012 AND MAY 12, 2012,
> CALLING ME UP AND FORCING ME OFF OWCP AND TRYING TO
> GET ME TO GO BACK TO WORK OR STOP PAYING ME FEDERAL
> WORKERS' COMP! THIS WAS A BUSY MONTH FOR ME!
> INSTEAD OF GOING BACK TO WORK, I MADE A LATERAL
> MOVE OF GOING OUT ON OPM DISABILITY RETIREMENT! BIG
> MISTAKE, BECAUSE IT CUT MY CHECK FOURTEEN HUNDRED
> DOLLARS AND I HAD TO START PAYING TAXES AND MEDICAL
> INSURANCE ON MY DAUGHTER AND I. ON JUNE 17, 2013, I HAD
> A "HEART ATTACK", BECAUSE IT TOOK SO LONG FOR THE
> UNITED STATES TO PAY ME FOR THIRTY-THREE YEARS OF
> BACKPAY OF SURGERY ON RIGHT FOOT (TORN LIGAMENT ON
> RIGHT ANKLE), LOWER BACK, HEARING LOSS, LEFT KNEE
> GOING BAD, BECAUSE OF ASSOCIATION WITH RIGHT KNEE
> AND CAUSING ME TO HAVE TO HAVE "HIP REPLACEMENT

3

AND KNEE REPLACEMENT, DOWN THE ROAD,["] TOLD TO ME
BY DR. TRAMUTA, OF THE JEWISH HOSPITAL, ON JUNE 19, 2013,
BEFORE THE PROCEDURE OF THE "ST[I]NT", HE PUT IN MY
MAIN AORTA ARTERY FOR 90% BLOCKAGE AND PUT ME ON
"EFFIENT", A BLOOD THINNER, FOR AT LEAST A YEAR, TO
CLEAR THE BLOCKAGE!  THE UNITED STATES IS THE WORST
FEDERAL AGENCY FOR TELLING LIES, STEALING, AND HAVE
NO CREDIBILITY AT ALL, (FROM TOP TO BOTTOM).  FROM
THAT MONTH OF May, 2012 UNTIL August 11, 2013, IT HAS BEEN
A SERIOUS STRUGGLE TO MAINTAIN OBLIGATIONS AND PUT
FOOD ON THE TABLE, PLUS MAINTAINING MAINTENANCE ON
MY TRUCK AND PUTTING GAS IN IT!  AT THIS TIME, I'M NOT
ABLE TO KEEP FOOD ON TABLE AND KEEP GAS IN TRUCK TO
MEET MY DOCTORS' APPOINTMENT OF PHYSICAL THERAPY
AT THE CARDIOLOGY CENTER. . . !  HAVING SAID THAT, I'M
GOING TO CALL AND CANCEL[] MY APPOINTMENTS, UNTIL
I'M BACK ON OWCP, STARTING TOMORROW AT 9AM  ON
AUGUST 12, 2013.  PLUS, I'M GOING TO CANCEL[] EVERYTHING
UNTIL AN INCREASE IN THE FLOW OF MONEY TAKES PLACE!

ON VETERANS EVALUATION SERVICES, OUT OF HOUSTON,
TEXAS, VES, SENT ME PAPERWORK TO GO AND GET MEDICAL
EXAMINATION, CONTRACT MEDICAL PROVIDER OF THE
UNITED STATES CLEVELAND REGIONAL OFFICE, PAPERWORK
DATED 7/10/13 AND 7/11/13, RESPECTIVELY, STATED THAT I
COULDN'T GET A COPY OF THE MEDICAL EXAMINATION ON
THE DATE OF THE EXAMINATION.  THAT I HAVE TO GO THRU
THE UNITED STATES CLEVELAND REGIONAL OFFICE TO DO
THAT, SO I TURNED DOWN THE EXAMINATION, BECAUSE OF
WHAT HAPPENED TO ME IN 2011, AND IT TOOK THREE AND A
HALF MONTHS TO GET A COPY OF THE EXAMINATION AND IT
WAS FROM THAT "QUACK DOCTOR" THAT THE UNITED
STATES SENT DOWN TO THE CINCINNATI VAMC, FORTY-FIVE
MINUTES LATE AND LIE ABOUT MY EXAMINATION!  THIS
COMES UNDER TITLE 28 § 2674, n 169, DIAGNOSTIC FAILURE OR
DELAY!  PHYSICIAN HAS DUTY TO MAKE PROPER USE OF ALL
AVAILABLE DIAGNOSTIC AIDS TO ESTABLISH FIRM BASIS FOR
DIAGNOSIS AND CHOICE OF TREATMENT, AND IF PHYSICIAN
DOES NOT AVAIL HIMSELF OF SCIENTIFIC MEANS AND
FACILITIES OPEN TO HIM FOR COLLECTION OF BEST FACTUAL
DATA UPON WHICH TO ARRIVE AT HIS DIAGNOSIS, RESULT
WOULD NOT BE ERROR OF JUDGMENT BUT NEGLIGENCE IN
FAILING TO SECURE FACTUAL BASIS UPON WHICH TO
SUPPORT HIS DIAGNOSIS OR JUDGMENT. . . .  JUDGE KALPANA
M. PARAKKAL RENDER A DECISION ON THAT ERRONEOUS,
INVALID, EXAMINATION OF ME, EVEN THO I WROTE TO HER
TELLING HER THE EXAMINATION WAS PREFABRICATED BY

4

THE "QUACK DOCTOR"! HER DECISION WAS EVENTUALLY
OVERTURNED BY JUDGE GREENBURG OF "UNITED STATES
COURT OF APPEALS FOR VETERANS CLAIMS" ON JUNE 28,
2013! HAVING SAID THAT, I DO NOT TRUST THE UNITED
STATES IN THE DEALINGS WITH MEDICAL EXAMINATIONS,
UNLESS I GET A COPY OF THE REPORT AND READ IT TO MAKE
SURE IT'S ACCURATE OR I WILL FILE A LAWSUIT IN THE
LOCAL DISTRICT COURT ON THEM! I TOLD THE LADY THAT
CALLED ME FROM CLEVELAND . . . THAT I WOULD WORK
WITH HER FOR THREE AND A HALF DAYS AFTER THE
EXAMINATION, IF I COULD GET A COPY OF THE
EXAMINATION, SHE COULDN'T GUARANTEE[] I COULD GET A
COPY OF THE EXAMINATION! . . . ALSO, HAVING A "HEART
ATTACK", ON 6-17-2013 AND HAVING A "ST[I]NT" PUT IN YOUR
MAIN AORTA ARTERY WHERE THERE WAS 90% BLOCKAGE ON
6-19-2013, BEFORE DR. TRAMUTA START THE PROCEDURE,
HE SAID, "WILLIE YOU CAN'T HAVE A KNEE REPLACEMENT, HIP
REPLACEMENT OR SURGERY ON YOUR RIGHT ANKLE, DUE TO
THE "ST[I]NT" BEING INSTALLED IN YOUR MAIN ARTERY FOR
A YEAR AND AFTER THAT YEAR, MAYBE!" THIS LAWSUIT IS
AGAINST THE UNITED STATES OF AMERICA, BECAUSE IT
SHOULDN'T HAVE TAKEN THIRTY-THREE YEARS TO GRANT
ME 100% DISABILITY AND MY RIGHT ANKLE PUTS ME IN A
LOT OF PAIN AT NIGHT WHEN I'M IN BED AND IMPE[DES] ME
TO RUN IN THE DAYTIME! THIS AGENCY OF THE UNITED
[STATES] OF AMERICA KNEW THIS AND DID NOTHING ABOUT,
BUT LIED AND STOLE FROM ME! I RECEIVED A DECISION
FROM THE CLEVELAND REGIONAL OFFICE OF THE UNITED
STATES ON 8-17-2013, BUT NOTHING IN THEIR DECISION WAS
ABOUT THE DECISION RENDERED FROM JUDGE GREENBURG
OF THE UNITED STATES COURT OF APPEALS FOR VETERANS
CLAIMS, ON MY RIGHT WRIST! ON ITS[] INTRODUCTION OF
THE DECISION RENDER, IT HASN'T TAKEN MY "HEART
ATTACK" AS A CLAIM FOR SERVICE CONNECTION, WHEN IN
FACT THAT'S EXACTLY WHAT IT IS OF STRESS AND LIES OVER
THE YEARS AND THEY WONDER IF IT'S "SERVICE
CONNECTED"! GO FIGURE[]! THEY DENIED ME FOR SERVICE
CONNECTION OF HEARING LOSS, TINNITUS, SHARP PAIN IN
TOES, DEGENERATIVE DISC DISEASE OF LUMBAR SPINE, LEFT
KNEE, RIGHT FOOT, DIABETES AND DIABETIC RETINOPATHY
(BLURRED VISION).

(*Id.*, pp. 4-5).

Plaintiff has attached various exhibits to the complaint, including a copy of a letter dated

August 14, 2013 from the VA's Cleveland Regional Office to plaintiff regarding plaintiff's

"claim for service connected compensation" that the office had received on August 24, 2011. (*See id.*, Complaint, attached exhibits). The letter contained enclosures, including a copy of the Regional Office's August 13, 2013 "Rating Decision" and a form informing plaintiff of his appellate rights and the procedure for appealing the "Rating Decision." (*See id.*). It appears from the attached documents that the Regional Office granted plaintiff's claim for service connection with respect to "residual surgical scars on the right knee" found to be related to plaintiff's prior military service. However, plaintiff's claims for service connection were denied for conditions involving "hearing loss," "tinnitus," and "sharp pain in toes." (*Id.*). In the "Rating Decision," the Regional Office noted that plaintiff had reported that he "had a heart attack on June 17, 2013 and a stint put in on June 19, 2013," and informed plaintiff that if it was his "intent to file a claim for service connection for a heart condition, please notify us." (*See id.*, attached "Rating Decision"). The Regional Office also ruled that plaintiff's claims for service connection for "degenerative disc disease of the lumbar spine," for "patellofemoral syndrome of the left knee," for "right foot condition," for "diabetes," and for "diabetic retinopathy" remained denied because the "evidence submitted [was] not new and material." (*See id.*).

As relief, plaintiff has requested that damages be awarded to him in the "maximal amount United States federal judge can authorize[]." (*Id.*, Complaint, p. 6).

In this case, plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

First, to the extent plaintiff has invoked the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531

6

(1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967);

*Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this

case, plaintiff and three of the named defendants are domiciled in Ohio. Therefore, this Court

lacks subject matter jurisdiction on the basis of diversity of citizenship.

Plaintiff has also cited a provision pertaining to the Federal Torts Claim Act (FTCA) as

providing a basis for this Court's subject matter jurisdiction over claims against the United States

and the other federal agencies/entities and officials named as defendants in his complaint. In

general, subject matter jurisdiction is lacking in a lawsuit against the United States or an agency

of the United States unless the government expressly waives its sovereign immunity and

consents to suit. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Whittle v. United States*, 7

F.3d 1259, 1262 (6th Cir. 1993); *see also CareToLive v. von Eschenbach*, 525 F. Supp.2d 938,

950 (S.D. Ohio 2007) (citing *United States v. Mitchell,* 463 U.S. 206, 212 (1983)), *aff'd*, 290 F.

App'x 887 (6th Cir. 2008). The FTCA provides a limited waiver of the United States' sovereign

immunity in actions involving tort claims against the United States. *See Levin v. United States*,

U.S. __, 133 S.Ct. 1224, 1228 (2013) (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962))

("The FTCA . . . 'was designed primarily to remove sovereign immunity of the United States

from suits in tort.'"). Specifically, the FTCA grants authority to the federal district courts to hear

claims against the United States "for injury or loss of property, or personal injury or death caused

by the negligent or wrongful act or omission" of federal employees acting within the scope of

their employment. *Id.* (citing 28 U.S.C. § 2674). Although plaintiff has named a number of

federal agencies/entities and officials as defendants in his complaint, claims under the FTCA

may only be brought against the United States. *See DMC-Memphis, Inc. v. Mutual of Omaha*

*Ins. Co.,* 105 F. App'x 671, 675 (6th Cir. 2004) (citing *Allgeier v. United States*, 909 F.2d 869,

871 (6th Cir. 1990)); *see also King v. United States Dep't of Veterans Affairs*, __ F.3d __, No. 12-

60835, 2013 WL 4504371, at *4 n.2 (5th Cir. Aug. 23, 2013) (noting that because "the United States is the proper and exclusive defendant for . . . claims under the FTCA," the district court had correctly concluded that the plaintiff's FTCA claims against all other defendants should be dismissed for lack of subject matter jurisdiction).

In the instant case, plaintiff's complaint is rambling and difficult to follow. Construing the complaint liberally, it appears that plaintiff is complaining about (1) decisions rendered in May 2012 and August 2013 in VA proceedings pertaining to plaintiff's claims for service connected compensation; (2) the reduction in benefits that occurred in May 2012, when plaintiff went on "OPM disability retirement" upon termination of his workers' compensation benefits by the VA's Cleveland Regional Office; (3) the VA's refusal to provide plaintiff with copies of medical evaluations, which were conducted for the purpose of determining whether he was entitled to service connected compensation, on the date(s) of the examination(s); and (4) delays by the VA in providing plaintiff with benefits for service connected conditions. All of these claims pertain to plaintiff's treatment by the VA in processing and deciding his claims for or entitlement to certain veterans' benefits. The Veterans' Judicial Review Act (VJRA) bars this Court from exercising jurisdiction under the FTCA over such claims. *See Thompson v. Veterans Admin.,* 20 F. App'x 367, 369 (6th Cir. 2001) (citing *Beamon v. Brown,* 125 F.3d 965, 970-71 (6th Cir. 1997); *Zuspann v. Brown,* 60 F.3d 1156, 1158 (5th Cir. 1995)); *see also Thomas v. Principi,* 394 F.3d 970, 973-76 (D.C. Cir. 2005) (holding that tort claims for damages under the FTCA or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), which would require the district court to determine whether the VA had acted properly in the provision of benefits or handling of requests for benefits, are barred from review by the

8

VJRA).[1]  *Cf. Wojton v. United States*, 199 F. Supp.2d 722, 730-31 (S.D. Ohio 2002) (Rice, J.) (in

holding that a veteran's FTCA action stemming from the VA's alleged negligence in

misdiagnosing and improperly treating the veteran's post-traumatic-stress disorder was not

precluded by the VJRA, the court recognized that certain claims were subject to dismissal

because they amounted to a "collateral attack[] on the VA's exclusive authority to determine

benefits issues").

        Under the multi-tiered procedure established in the VJRA for adjudicating veterans'

benefits issues, a claimant initiates the process by filing a claim for benefits with a VA regional

office.  *See Beamon*, 125 F.3d at 967.  The regional office constitutes the first tier of review,

issuing a decision on "all questions of law and fact necessary to a decision by the Secretary

under a law that affects the provision of benefits by the Secretary to veterans," which the

claimant can appeal to the Board of Veterans' Appeals (BVA).  *Id.* (citing 38 U.S.C. § 511(a)).

At the second level of review, the BVA will either issue the final decision of the Secretary or

remand the claim to the regional office for further development and subsequent appeal.  *Id.*

(citing 38 U.S.C. § 7104).  "Subject to only four exceptions, [the] VJRA precludes judicial

review of the Secretary's decisions."  *Id.* at 970; *see also* 38 U.S.C. § 511(a) ("Subject to [four

exceptions set forth in] subsection (b), the decision of the Secretary . . . shall be final and

conclusive and may not be reviewed by any other official or by any court, whether by mandamus

or otherwise.").  Under the exception applicable to the case-at-hand, the Court of Appeals for

Veterans Claims (CVA), an Article I court established by Congress in the VJRA, "has exclusive

jurisdiction over appeals from the final decisions by the BVA."  *Id.* at 967, 970 (citing 38 U.S.C.

---

        [1] Other circuit courts have similarly held that under the VJRA, the federal district courts lack jurisdiction over veterans' FTCA actions in cases such as this, where the resolution of the damages issues raised by the plaintiff in his complaint would require the district court to determine whether the VA acted properly in the handling of benefits requests.  *See, e.g., King v. United States Dep't of Veterans Affairs*, __ F.3d __, No. 12-60835, 2013 WL 4504371, at *2-4 (5th Cir. Aug. 23, 2013); *Jones v. United States*, __ F.3d __, No. 12-3275, 2013 WL 4260176, at *2-4 (8th Cir. Aug. 16, 2013);

§ 7252(a)). The Court of Appeals for the Federal Circuit has exclusive jurisdiction over appeals

from the CVA's decisions. *Id.* at 967, 971 (citing 38 U.S.C. § 7292). The Federal Circuit

court's judgment "shall be final subject to review by the Supreme Court upon certiorari." 38

U.S.C. § 7292(c); *see also Beamon*, 125 F.3d at 967 (citing 38 U.S.C. § 7291) ("If necessary, a

claimant may petition the United States Supreme Court to review the decision of the Court of

Appeals for the Federal Circuit."). In sum, as another circuit court explained in an en banc

decision addressing the preclusive effect of the VJRA in adjudicating claims challenging the

VA's handling of benefits requests:

> The VJRA supplies two independent means by which we are disqualified from
> hearing veterans' suits concerning their benefits. First, Congress has expressly
> disqualified us from hearing cases related to VA benefits in § 511(a) ("may not be
> reviewed by any . . . court"), and second, Congress has conferred exclusive
> jurisdiction over such claims to the Veterans Court and the Federal Circuit, *id.*, §§
> 511(b)(4), 7252(a), 7292(c). The provisions may not be co-extensive, so if a
> claim comes within either provision, the district court is divested of jurisdiction
> that it otherwise might have exercised. . . .

*Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1022-23 (9th Cir. 2012) (en banc).

In *Beamon*, the Sixth Circuit affirmed the dismissal of the plaintiff's complaint for lack

of subject matter jurisdiction in a case where the plaintiff challenged the constitutionality of the

procedures used by the VA's Cleveland Regional Office and the BVA in adjudicating claims for

benefits on the ground that such procedures caused "unlawful or unconstitutional delays in the

administration of veterans benefits." *See Beamon*, 125 F.3d at 974. In so ruling, the court found

that the VJRA's system of review provides adequate remedies to plaintiffs complaining about

VA inaction or of unreasonable delays in benefits decisions. *See id.* at 968-69. Specifically, the

court reasoned that the CVA has the power under 38 U.S.C. § 7261(a)(2) to "compel action of

the Secretary unlawfully withheld or unreasonably delayed," as well as under the All Writs Act,

28 U.S.C. § 1651(a), to "issue extraordinary writs when it appears that agency inaction would

frustrate its appellate jurisdiction." *Id.* (and cases cited therein). The court concluded that

because the VJRA "explicitly granted comprehensive and exclusive jurisdiction to the CVA and

Federal Circuit over claims seeking review of VA decisions that relate to benefits decisions,"

including "constitutional issues and allegations that a VA decision has been unreasonably

delayed," the plaintiff's claims fell within the "exclusive jurisdiction of the BVA, the CVA, and

the Court of Appeals for the Federal Circuit." *See id.* at 971-74.

In the instant case, as in *Beamon*, plaintiff's allegations raise issues, which would require

this Court to assess whether or not the VA has acted properly in the handling of his benefits.

Under the VJRA, plaintiff's claims, including the allegation that he has suffered damages from

alleged delays in receiving benefits, fall within the exclusive jurisdiction of the BVA, the CVA

and the Court of Appeals for the Federal Circuit. This Court, therefore, lacks subject matter

jurisdiction over this case.

Accordingly, in sum, the Court concludes that plaintiff's complaint is subject to dismissal

as frivolous under 28 U.S.C. § 1915(e)(2)(B) and for lack of subject matter jurisdiction under

Fed. R. Civ. P. 12(h)(3).[2]

In so ruling, it is further noted that on July 3, 2013, the undersigned issued a Report and

Recommendation to dismiss a prior complaint filed by plaintiff as frivolous under 28 U.S.C. §

1915(e)(2)(B) and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3). *See*

*Bush v. Ahmad, et al.*, Case No. 1:13-cv-448 (S.D. Ohio) (Weber, J.; Bowman, M.J.) (Doc. 4).

In that Report and Recommendation, the undersigned pointed out that plaintiff had "filed two

other complaints in the past few weeks, which are pending before the District Court on Reports

---

[2]Where there is no basis for federal jurisdiction apparent on the face of the complaint, a court may dismiss
the action as frivolous and for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ.
P. 12(h)(3). *See Carlock v. Williams*, No. 98-5545, 1999 WL 454880, at *2 (6th Cir. June 22, 1999). However, the
dismissal is no bar to refiling the suit in state court.

and Recommendation . . . to dismiss the complaint at the screening stage. *See Bush v. United States, et al.,* Case No. 1:13-cv-384 (S.D. Ohio) (Barrett, J.; Bowman, M.J.) (Doc. 6); *Bush v. United States, et al.*, Case No. 1:13-cv-417 (S.D. Ohio) (Dlott, J.; Bowman, M.J.)" *Id.* (Doc. 4, pp. 9-10).[3]  Plaintiff was warned that "if this and the other two screening dismissal Report and Recommendations are adopted by the District Court, and he continues to file lawsuits with this Court that are subject to dismissal on screening, he may be subject to sanctions under Fed. R. Civ. P. 11 as a vexatious litigator." *Id.* (Doc. 4, p. 10).  Since that time, the District Court has adopted the Report and Recommendations in Case Nos. 1:13-cv-384 and 1:13-cv-417 to dismiss plaintiff's complaints at the screening phase. *See* Case No. 1:13-cv-384 (Docs 8-9); Case No. 1:13-cv-417 (Docs. 8-9).  Those cases are now closed.  The Report and Recommendation issued in Case No. 1:13-cv-448 is still pending before the District Court for ruling.  Therefore, pursuant to the warning contained in that Report and Recommendation, plaintiff is again advised that if the District Court adopts any other Report and Recommendation to dismiss one of plaintiff's pending complaints as frivolous, and plaintiff continues to file lawsuits with this Court that are subject to dismissal on screening, he may be subject to sanctions under Fed. R. Civ. P. 11 as a vexatious litigator.

### IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith,

---

[3] The undersigned also noted that two additional complaints had been filed by plaintiff, which were allowed to proceed past the screening phase. *See Bush v. United States, et al.*, Case No. 1:13-cv-76 (S.D. Ohio) (Weber, J.; Litkovitz, M.J.); *Bush v. United States, et al.*, Case No. 1:13-cv-406 (S.D. Ohio) (Barrett, J.; Litkovitz). Both those cases are presently pending before the Court for ruling on defendants' motions to dismiss for lack of jurisdiction. *See* Case No. 1:13-cv-76 (Doc. 9); Case No. 1:13-cv-406 (Doc. 13).

and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*,

114 F.3d 601 (6th Cir. 1997).

Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

WILLIE JAMES BUSH, JR.,
    Plaintiff,

vs

UNITED STATES OF AMERICA, et al.,
    Defendants.

Case No. 1:13-cv-587

Beckwith, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

cbc

14